E-FILED
Friday, 22 April, 2022  08:41:56 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LORENZO BROWN, | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 22- 2051 |
| | ) |
| SHANNON HAGGART, | ) |
|    Defendant | ) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Defendant Shannon Haggart violated his constitutional rights at the Jerome Combs Detention Center. Plaintiff does not provide Defendant Haggart's job title. Instead, Plaintiff's complaint includes one paragraph.

> After being checked in 2 machines at Riverside Hospital, results came back with ligament tears in my shoulder – I had written grievances about getting a sling for the pain and had complained to medical about the beds and how hard they are and they can't be slept on- But they ignored me as usual about important issues- now my shoulder is messed up bad. Medical negligence again!

1

There are several problems with Plaintiff's complaint. First, Plaintiff has not explained who Defendant Haggart is or how she is involved in his allegations. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them); *Potter v Clark*, 497 F.2d. 1206, 1207 (7th Cir. 1974) (district court properly dismissed *pro se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption).

Second, if Plaintiff intends to state a claim for medical negligence or malpractice only, he must file his complaint in state court. Plaintiff is advised Illinois law requires any Plaintiff who is seeking damages for medical malpractice to file an affidavit with the complaint providing required information about his condition. *See* 735 Ill. Comp. Stat. § 5/2-622(a); *see also Young v. United States*, 942 F.3d. 349, (7th Cir. Nov. 4, 2019).

Third, if Plaintiff intended to state a claim pursuant to federal law, he should clarify if he was a pretrial detainee or convicted prisoner at the time of the incident. This will determine whether his claim is pursuant to the Fourteenth Amendment (pretrial detainee) or Eighth Amendment (convicted prisoner). *See Kingsley v. Henrickson*, 576 U.S. 389 (2015).

Fourth, if Plaintiff did intend to allege a violation of his constitutional rights, he has not clearly articulated a claim. How did Plaintiff suffer ligament damage? Is he alleging the beds caused the injury or made it worse? Did Plaintiff request medical care prior to his diagnosis at Riverside Hospital? If so, did he receive medical care? If not,

who was involved and who denied care?  Who did Plaintiff ask for a sling or softer mattress, when, and what response did he receive?

Plaintiff is reminded he must also be able to demonstrate he exhausted all available administrative remedies at the jail *before* he filed his complaint.  *See* 42 U.S.C. §1997e(a).

For the reasons stated, Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted.  The Court will allow Plaintiff an extension of time to file an amended complaint if he believes he can articulate a constitutional violation.  The amended complaint must stand complete on its own, include all claims and Defendants, and must nor refer to Plaintiff's previous complaint.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §1915A.

2) Plaintiff may file an amended complaint clarifying his claims on or before May 13, 2022.  If Plaintiff does not file his amended complaint by the deadline or fails to follow the Court's directions, his case will be dismissed.

3) The Clerk of the Court is directed to provide Plaintiff with a blank complaint form and reset the internal merit review deadline within 30 days.

4) Plaintiff is reminded he must IMMEDIATELY notify the Court in writing of any change in his mailing address or telephone number.  Failure to provide this information could lead to the dismissal of this lawsuit.

ENTERED this 22nd day of April, 2022.

                        s/ James E. Shadid
                _____
                      JAMES E. SHADID
                UNITED STATES DISTRICT JUDGE